FILED

JUL 2 2 2025

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CAUSE NO.   1:25-cr-00152-SEB-MJD |
| | ) | |
| TERESA PALMER, | ) | |
| | ) | |
| Defendant. | ) | |

**INDICTMENT**

The Grand Jury charges that:

**General Allegations**

At times material to this Indictment:

1.      Credit Union 1 is a financial institution with its headquarters in the Southern District of Indiana and branches located throughout Indiana. The deposits of Credit Union 1 are insured by the National Credit Union Share Insurance Fund.

2.      Starting in or around 2014 until December 2022, TERESA PALMER was a branch manager at a Credit Union 1 branch in Indianapolis. As part of her job responsibilities, PALMER would manage Credit Union employees, and assist customers with their banking needs, including accessing funds from the customers' accounts.

3.      During this time, PALMER had access to the accounts of Credit Union 1's customers. If a customer authorized PALMER to withdraw funds from that customer's account, then PALMER could withdraw funds from the account in the form of cash or create a cashier's check with the customer's funds. PALMER did not have permission to take money from

1

customers' accounts without the knowledge, consent, or authorization of those customers or their designated representative.

### The Scheme to Defraud

4.    Beginning on a date unknown but at least as early as on or about January 7, 2021, and continuing until as late as on or about December 9, 2022, PALMER devised and executed a scheme to obtain any of the moneys under the custody or control of Credit Union 1 by means of false or fraudulent pretenses, representations, or promises, as further described below (the "Scheme").

5.    The objective of the Scheme was for PALMER to enrich herself by obtaining money belonging to Credit Union 1's customers for her own personal use without the knowledge, consent, or authorization of those customers or their designated representatives.

6.    As the branch manager, PALMER knew which Credit Union 1 customers were elderly and unable to regularly monitor their accounts. PALMER targeted these accounts for her Scheme.

7.    As part of the Scheme, PALMER used her bank computer and the banking software available to her as a Credit Union 1 branch manager to authorize withdrawals of cash from Credit Union 1 customers' accounts. PALMER withdrew the money from the customers' accounts without their knowledge, consent, or authorization. PALMER would keep this cash for her

2

personal use.

8.    As part of the Scheme, PALMER also fraudulently authorized the issuance of cashier's checks from customers' accounts that were made payable to others. PALMER forged the signature of the purported recipient on the back of the check. PALMER then cashed the check, or she directed employees at Credit Union 1 to cash the cashier's check, falsely representing that the recipient asked her to cash the cashier's check. PALMER created these cashier's checks and cashed them without the customers' knowledge, consent, or authorization. Once the cashier's check was converted into cash, PALMER kept the cash for her personal use.

9.    As part of the Scheme, PALMER made hundreds of unapproved transactions on customer accounts. In total, PALMER withdrew more than $350,000 from Credit Union 1's customers' accounts without the customers' knowledge, consent, or authorization. PALMER used these funds on personal expenses, including gambling.

## COUNTS 1-4
### Bank Fraud
### 18 U.S.C. § 1344(2)

10.    Paragraphs 1 through 9 are incorporated by reference.

11.    On or about the dates described in the chart below, within the Southern District of Indiana and elsewhere, TERESA PALMER, the Defendant herein, did knowingly execute a scheme or artifice to obtain any of the monies, funds, credits, assets, securities, and other property owned by, and under the custody or control of, the financial institution, by means of false and

3

fraudulent pretenses, representations, and promises; to wit, PALMER withdrew money from the accounts of Credit Union 1's customers through cash withdrawals and the creation of cashier's checks without the knowledge, consent, or authorization of the customers, as listed in each Count listed below:

| Count | On or About Date | Method | Victim | Amount |
|-------|------------------|--------|--------|--------|
| 1 | December 29, 2021 | Cashier's Check | Victim 1 | $5,000 |
| 2 | June 11, 2022 | Cash Withdrawal | Victim 1 | $5,500 |
| 3 | November 26, 2022 | Cashier's Check | Victim 2 | $3,100 |
| 4 | December 9, 2022 | Cashier's Check | Victim 2 | $6,250 |

Each Count is a violation of Title 18, United States Code, Section 1344(2).

## FORFEITURE

1.    The allegations contained in Counts 1 through 4 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2) and Title 28, United States Code, Section 2461(c).

2.    Upon conviction of the offenses in violation of Title 18, United States Code, Section 1344 set forth in Counts 1 through 4 of this Indictment, TERESA PALMER, the Defendant, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section982(a)(2) any property, real or personal, involved in such offense or any property traceable

4

to property, including but not limited to: an order of forfeiture in the amount of proceeds the defendant obtained from the offense.

3.      If any of the property described above, as a result of any act or omission of the defendant:

    a.     cannot be located upon the exercise of due diligence;

    b.     has been transferred or sold to, or deposited with, a third party;

    c.     has been placed beyond the jurisdiction of the court;

    d.     has been substantially diminished in value; or

    e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2) and 28 U.S.C. § 2461(c).

A TRUE BILL:

███████████████

FOREPERSON

THOMAS E. WHEELER II
United States Attorney

By: _____
Adam Eakman
Assistant United States Attorney
::KMS

5